UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUXOTTICA GROUP, S.p.A., an Italian corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GREENBRIAR MARKETPLACE II, LLC, a Georgia limited liability company, 2925 PROPERTIES, LLC, a Georgia limited liability company D/B/A GREENBRIAR DISCOUNT MALL, PATRICK SWINDALL, KIMBERLY SWINDALL, LAWRENCE STERLING, LISA STERLING, individually,<br><br>Defendants. | CIVIL ACTION NO:<br><br>_____ |

## COMPLAINT

COMES NOW Plaintiff Luxottica Group, S.p.A., by and through its undersigned counsel, and hereby sues Defendants Greenbriar Marketplace II, LLC, 2925 Properties, LLC (hereinafter collectively referred to as the "Greenbriar Management Defendants"), Patrick Swindall, Kimberly Swindall, Lawrence Sterling and Lisa Sterling (hereinafter collectively referred to as the "Principal Defendants"), and alleges:

## NATURE OF ACTION

1. This is an action for, *inter alia*, contributory trademark infringement under federal law. The Defendants, individually and/or collectively, own, operate, control and manage a well-known indoor flea market in Atlanta, Georgia called "Greenbriar Discount Mall" (hereinafter "Discount Mall") located at 2975 Headland Drive, Atlanta, Georgia.

2. The Discount Mall has been and continues to be a hot-bed for vendors to sell illegal "knock-off" goods, including counterfeit Ray-Ban sunglasses, the result of which has been to substantially and continuously harm the rights of intellectual property owners such as Luxottica.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside and have their principal places of business, and continue to infringe Luxottica's famous trademarks in this Judicial District.

## PARTIES

5. Plaintiff Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with its principal place of business in Milan, Italy.

6. Defendant, Greenbriar Marketplace II, LLC is a limited liability company organized and existing under the laws of the State of Georgia and is authorized to conduct, and is conducting business within the State of Georgia. Defendant Greenbriar owns, operates and manages the Discount Mall along with 2925 Properties, LLC, other affiliated entities, and the Principal Defendants.

7. Defendant, 2925 Properties, LLC is a limited liability company organized and existing under the laws of the State of Georgia. 2925 Properties, LLC owns, operates and manages the Discount Mall along with Greenbriar Marketplace II, LLC, other affiliated entities, and the Principal Defendants.

8. On information and belief, Defendants Patrick Swindall and his wife, Kimberly Swindall, (collectively the "Principal Defendants") are residents of Fulton County, Georgia. At all relevant times, the Principal Defendants were the principal owners, officers, directors and managers of the Greenbriar Management Defendants and the Discount Mall, and, as such, directed, controlled, ratified, participated in, and are the moving forces behind the illegal contributory infringing activities described herein.

9. On information and belief, Defendants Lawrence Sterling (a/k/a Born Sterling) and his wife, Lisa Sterling, are residents of Fulton County, Georgia. At all relevant times they acted in their capacity as authorized agents and managers of the Greenbriar Management Defendants and Principal Defendants, and, as such,

directed, controlled, ratified, participated in, and are the moving forces behind the illegal contributory infringing activities described herein.

10. The Defendants, individually and collectively, own, operate, manage and control the Discount Mall and all operations of the Discount Mall.

11. All of the Defendants, acting in concert and participation with each other, have induced, caused and/or materially contributed to the promotion and sale of counterfeit Ray-Ban products at the Discount Mall. With knowledge of these illegal activities, or with willful blindness, Defendants have financially benefitted from them. As such, Defendants are contributorily liable for the infringing activities described below.

## FACTUAL ALLEGATIONS

**A.    The World Famous Luxottica Brands and Products.**

12. Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

13. Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific,

LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

14. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its internet website, including www.ray-ban.com throughout the United States, including Florida.

15. Luxottica Group has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to, those detailed in this Complaint (collectively, the "Ray-Ban Marks").

16. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks. As a result, products bearing the Ray-Ban Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

17. Luxottica Group is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Ray-Ban Trademarks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* | FOR: SUNGLASSES, SHOOTING GLASSES, AND OPHTHALMIC LENSES, IN CLASS 26. |
| 1,080,886 | RAY-BAN | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPETACLES – IN CLASS 9. |
| 1,093.658 | *Ray-Ban* | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPECTACLES AND GOGGLES; AND CASES AND OTHER PROTECTIVE COVERS FOR SUNGLASSES, EYEGLASSES, SPECTACLES– IN CLASS 9. |
| 1,320,460 | *Ray-Ban* (circular logo) | FOR: SUNGLASSES AND CARRYING CASES THEREFOR, IN CLASS 9. |
| 1,490,305 | RAY-BAN | FOR: CLOTHING, NAMELY, TSHIRTS, IN CLASS 25. |

| | | |
|---|---|---|
| 1,726,955 | *Ray-Ban* | FOR: FOR: BAGS; NAMELY, TOTE, DUFFLE AND ALL PURPOSE SPORTS BAGS, IN CLASS 18. FOR: CLOTHS FOR CLEANING OPTHALMIC PRODUCTS, IN CLASS 21. FOR: CLOTHING AND HEADGEAR; NAMELY, HATS, IN CLASS 25. |
| 2,718,485 | RAY-BAN | FOR: GOODS MADE OF LEATHER AND IMITATION LEATHER, NAMELY, WALLETS, CARD CASES FOR BUSINESS CARDS, CALLING CARDS, NAME CARDS AND CREDIT CARDS, IN CLASS 18. FOR: CLOTHING FOR MEN AND WOMEN, NAMELY, POLO SHIRTS; HEADGEAR, NAMELY, BERETS AND CAPS. |
| 3,522,603 | Ray-Ban | FOR: SUNGLASSES, EYEGLASSES, LENSES FOR EYEGLASSES, EYEGLASSES FRAMES, CASES FOR EYEGLASSES, IN CLASS 9. |

18.    Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks.[1]  These registrations are valid and subsisting and the majority are incontestable.

19.    The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb were assigned in full to Luxottica Group in 1999.

7

Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

20. The registration of the marks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

21. The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

22. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

C. **Defendants' Infringing Conduct.**

23. On December 19, 2013, agents from the United States Department of Homeland Security and the Atlanta Police Department raided the Discount Mall, seizing ***more than 15,000*** units of counterfeit products, including counterfeit Ray-Ban and Oakley products. Most of the vendors had fled prior to the arrival of the law enforcement agents. The raid resulted in the arrest of several vendors.

24. Luxottica's investigator, who had accompanied the law enforcement officers during the raid, discovered that Defendants' vendors were distributing, advertising, publicly displaying, offering for sale, and/or selling sunglasses bearing logos and source-identifying indicia that are imitations of Luxottica's Trademarks (hereinafter collectively referred to as the "Counterfeit Product").

25. Luxottica's investigator also observed Defendants displaying thousands of counterfeit products bearing unauthorized reproductions other brands' trademarks, including Chanel, UGG, Prada, Rolex, Tiffany & Co. and Tory Burch.

26. Luxottica's investigator subsequently inspected the seized items and determined that the sunglasses bearing reproductions of the Ray-Ban and Oakley Trademarks were in fact counterfeit products that infringed Luxottica's trademarks.

27. Additional seizures of counterfeit merchandise also took place across the street from the Discount Mall at the Greenbriar Strip Plaza (a/k/a 7-Day Mini-Mall) located at 2925 Headland Drive. That property is owned by Principal Defendants, Patrick Swindall and Kimberly Swindall.

28. On January 9, 2015, Luxottica Group sent a cease and desist letter to Owner/Manager of Greenbriar Strip Plaza Warehouse. A true and correct copy of the January 3, 2011 letter is attached hereto as **Exhibit 1**.

29. On March 30, 2015, Luxottica's investigator returned to the Discount Mall and observed numerous vendors displaying, offering for sale and/or selling in plain view large quantities of counterfeit Ray-Ban merchandise. Plaintiffs' investigator purchased 7 pair of counterfeit Ray-Ban sunglasses from $10.00-$20.00 from separate vendors.

30. On April 23, 2015, Luxottica's investigator returned to the Discount Mall and observed numerous vendors displaying, offering for sale and/or selling in

plain view large quantities of counterfeit Ray-Ban merchandise. Plaintiffs' investigator purchased 3 pair of counterfeit Ray-Ban sunglasses from $10.00-$15.00 from separate vendors.

31. Defendants have no license, authority, or other permission from Luxottica Group to use any of the Ray-Ban Trademarks in connection with the advertising, promoting, distributing, publicly displaying, selling, and/or offering for sale of the Counterfeit Product.

32. The forgoing acts of the Defendants' vendors constitute direct trademark infringement in violation of federal law.

33. The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban products offered for sale and sold at Discount Mall are authentic or authorized products of Luxottica Group.

34. The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban products and the Luxottica Group.

35. Defendants are well aware of the extraordinary fame and strength of the Ray-Ban brands and the Luxottica Group, and the incalculable goodwill associated therewith.

36. By facilitating counterfeiting activities at the Discount Mall, Defendants have acted with reckless disregard for, and in bad faith and with willful blindness toward, Luxottica Group's trademarks.

37. Defendants have, either intentionally and deliberately, or with reckless disregard and willful blindness, benefitted from the illegal counterfeiting activities described herein.

38. The Defendants' deliberate and or reckless and/or willfully blind misconduct has caused, and continues to cause, substantial and irreparable harm to Luxottica's goodwill and reputation.  In addition, the damages caused by Defendants, which continue to accrue, are especially severe because the counterfeit Ray-Ban products sold at the Discount Mall are cheap and grossly inferior in quality to authentic Ray-Ban products.

39. The harm being caused to Luxottica is irreparable and it does not have an adequate remedy at law.  Luxottica therefore seeks the entry of an injunction preventing the sale of counterfeit Ray-Ban products at the Discount Mall. Luxottica also seeks statutory damages pursuant to Section 35 of the Lanham Act

(15 U.S.C. § 1117) as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica's trademarks.

## COUNT I
### Contributory Trademark Infringement
### (15 U.S.C. § 1114)

40. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 39 above.

41. The Defendants supplied the means for the Discount Mall's vendors to engage in the illegal activities described herein, and, with knowledge of such activities, deliberately or recklessly willfully blinded themselves to this illegal conduct, deciding instead to profit from the revenues it produced.

42. As a result, the Defendants have infringed Luxottica's trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Luxottica Group, S.p.A., respectfully requests that this Court enter judgment in its favor and against Defendants Greenbriar Marketplace II, LLC, 2925 Properties, LLC, Patrick Swindall, Kimberly Swindall, Lawrence Sterling and Lisa Sterling, jointly and severally, on all counts pled herein, as follows:

A. Awarding Plaintiff statutory damages per counterfeit mark per type of good offered for sale in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

B. Awarding Plaintiff pre-judgment interest on any monetary award made part of the judgment against Defendants;

C. Finding that Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

D. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, tenants, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

   1. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Ray-Ban Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the counterfeit Ray-Ban products, and engaging in any other activity constituting an infringement of any of Luxottica's rights in its Trademarks;

    2. engaging in any other activity constituting unfair competition with Luxottica, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica; or

    3. engaging in any other activity that will cause the distinctiveness of the Luxottica Trademarks to be diluted.

E. Requiring Defendants to file with this Court and serve on Luxottica within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

F. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants or their vendors, has been authorized by Luxottica, or is related in any way with Luxottica and/or its products; and

G. Awarding Luxottica such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

## CERTIFICATION UNDER LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(D), the undersigned hereby certifies that the foregoing filing is a computer-generated document, prepared in Times New Roman, 14-point font, in accordance with Local Rule 5.1(C).

Respectfully submitted, this 27th day of April, 2015.

/s/ Rachel R. Krause
RACHEL R. KRAUSE
Georgia Bar No. 615115

LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street N.E., Suite 2900
Atlanta, GA 30309-7528
Telephone:  404.567.6586
Facsimile:  404.467.8845
E-mail: Rachel.krause@lewisbrisbois.com

-AND-

DAVID B. ROSENBERG
Florida Bar No. 582239
*Pro Hac Vice to be Submitted*

BROAD AND CASSEL, PL
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone: 305.373.9400
Facsimile:   305.373.9443
E-mail: drosemberg@broadandcassel.com

***Counsel for Luxottica Group, S.p.A.***